IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| WENDY HARPER, also known as WENDY SCHUCHHARDT, on behalf of plaintiff and the class members described below, <br><br> Plaintiff, <br><br> vs. <br><br> L&M ACCOUNTS, INC.; DERGO LAW, P.L.L.C.; MICHAEL J. DERGO III; and HY-VEE, INC.; <br><br> Defendants. | Case No.: 4:17-cv-4295 |

# COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1. Plaintiff Wendy Harper, also known as Wendy Schuchhardt, brings this action to secure redress from unlawful credit and collection practices engaged in by defendants L&M Accounts, Inc. ("L&M"), Dergo Law, P.L.L.C. ("Dergo Law") Michael J. Dergo III ("Dergo"), and Hy-Vee, Inc. ("HYV"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability,

1

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

8. The ICFA prohibits unfair and deceptive acts and practices in connection with any trade or commerce affecting Illinois, including the collection of debts.

9. Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

## VENUE AND JURISDICTION

10. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

11. Venue and personal jurisdiction in this District are proper because defendants'

collection activities impacted plaintiff within this District and each defendant does business or is located within this District.

## PARTIES

12. Plaintiff is an individual who resides in Henry County, Illinois.

13. Defendant L&M is an Illinois corporation with offices at 4003 36th Avenue Ct., Moline, IL 61265.

14. Defendant L&M operates a collection agency, using the mails and telephone system to collect debts owned by others.

15. Defendant L&M often takes assignments of debts for collection purposes and files suit on them in its own name. When it takes such an assignment, it is acting as the agent of the beneficial owner of the debt.

16. Defendant L&M has filed more than 100 lawsuits on debts incurred for personal, family or household purposes and assigned to it for collection, in its own name.

17. Defendant L&M is a debt collector as defined in the FDCPA.

18. Defendant Dergo Law is a law firm organized under Arizona law as a professional limited liability company. It has offices at 2200 52d Avenue, Moline, Illinois 61265.

19. Defendant Dergo Law regularly files collection lawsuits on debts incurred for personal, family or household purposes, on behalf of L&M.

20. Defendant Dergo Law uses the mails and telephone system to collect consumer debts.

21. Defendant Dergo Law is a debt collector as defined in the FDCPA.

22. Defendant Dergo is an attorney licensed in Illinois and the principal of Dergo Law. He may be found at 2200 52d Avenue, Moline, Illinois 61265.

23. Defendant Dergo regularly files collection lawsuits on debts incurred for personal, family or household purposes.

24.     Defendant Dergo uses the mails and telephone system to collect debts incurred for personal, family or household purposes.

25.     Defendant Dergo is a debt collector as defined in the FDCPA.

26.     Defendant HYV is a corporation chartered under Iowa law with its principal place of business in Iowa. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

27.     Defendant HYV operates more than 200 supermarkets and pharmacies, of which more than 15 are located in Illinois.

## FACTS

28.     On August 1, 2017, L&M, represented by Dergo Law and Dergo, filed suit against plaintiff Wendy Harper in the Circuit Court of Rock Island County to collect a dishonored check. A copy of the complaint, which was signed by Dergo, is in Appendix A. In filing and prosecuting the case, Dergo Law and Dergo acted as the authorized agents of L&M.

29.     The check had been written to HYV and assigned by HYV to L&M for collection purposes on or about November 4, 2016. A copy of the check is in Appendix B. A copy of the assignment is in Appendix C. Under the assignment, L&M acted as the authorized agent of HYV, and Dergo Law and Dergo as the authorized subagent of both L&M and HYV.

30.     The check was written on December 6, 2008, for personal, family or household purposes (groceries) and dishonored on December 11, 2008. It was assigned by HYV to L&M on or about November 4, 2016, nearly eight years after it had been dishonored.

31.     Ms. Harper was pregnant in late 2008 and did not notice that the check had been dishonored.

32.     As a result of the filing of the lawsuit, Wendy Harper was required to go the courthouse, retain counsel, and spend time and money to defend the lawsuit.

33.     Ms. Harper filed a motion to dismiss based on the statute of limitations, which motion was never responded to.

34. The collection action was nonsuited in early November 2017, immediately prior to the hearing on the motion to dismiss, without proper notice to Ms. Harper or her counsel, who appeared for the hearing on the motion to dismiss and learned that the case had already been nonsuited.

35. The collection complaint contained three counts. Count I alleged breach of contract. Count II alleged unjust enrichment. Count III sought statutory penalties under the Illinois bad check statute, 720 ILCS 5/17-1.

36. The entire action was barred by the applicable statutes of limitation.

37. Count I was barred by the three year Uniform Commercial Code statute of limitations, 810 ILCS 5/3-118(c).

38. Section 3-118(c), part of the negotiable instruments article of the UCC, provides:

**§ 3-118. Statute of limitations.**

**(a)    (Blank).**

**(b)    (Blank).**

**(c)    Except as provided in subsection (d), an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within 3 years after dishonor of the draft or 10 years after the date of the draft, whichever period expires first. . . .**

39. An ordinary check is an "unaccepted draft," as indicated by Comment 3 of the Official UCC Comments to § 3-118.

**3. Subsection (c) applies primarily to personal uncertified checks. Checks are payment instruments rather than credit instruments. The limitations period expires three years after the date of dishonor or 10 years after the date of the check, whichever is earlier. Teller's checks, cashier's checks, certified checks, and traveler's checks are treated differently under subsection (d) because they are commonly treated as cash equivalents. A great delay in presenting a cashier's check for payment in most cases will occur because the check was mislaid during that period. The person to whom traveler's checks are issued may hold them indefinitely as a safe form of cash for use in an emergency. There is no compelling reason for barring the claim of the owner of the cashier's check or traveler's check. Under subsection (d) the claim is never barred because the three-year limitations period does not start to run until demand for payment is made. The limitations period in subsection (d) in effect applies only to cases in which there is a dispute about the legitimacy of the claim of the person demanding payment.**

40. The 3-year UCC limitations period takes precedence over any other provision of the Limitations Act because it is more specific. *Continental Casualty Co. v. American National Bank & Trust Co. of Chicago*, 329 Ill.App.3d 686, 700, 768 N.E.2d 352 (1st Dist. 2002); *Newell v. Newell*, 406 Ill.App.3d 1046, 1050, 942 N.E.2d 776 (3rd Dist. 2011) (applying the three-year statute of limitations under section 4–111 of the UCC instead of the 10–year statute of limitations under section 13–206 of the Code and noting that "[the plaintiff's] allegations of common law breach of contract do not insulate his cause of action from the applicable UCC statute of limitations").

41. Count II of the state court collection complaint alleged unjust enrichment based on the underlying purchase of goods and services.

42. The statute of limitations for unjust enrichment is five years under 735 ILCS 5/13-205. *CitiMortgage, Inc. v. Parille,* 2016 IL App (2d) 150286, 49 N.E.3d 869; *Frederickson v. Blumenthal*, 271 Ill.App.3d 738, 648 N.E.2d 1060 (1st Dist. 1995). Section 13-205 provides that "actions on unwritten contracts, expressed or implied, . . . and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

43. Furthermore, to the extent the purchase was of goods, the statute of limitations is four years under UCC Article 2, 810 ILCS 5/2-725. Section 2-725 of the UCC provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ."

44. Section 2-725 applies to an action to recover the money owed for the sale of goods. *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56, 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law).

45. Count III of the state court collection complaint sought treble damages under the bad check statute, which provides (720 ILCS 5/17-1(E)) for "in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more

than $1,500, plus attorney's fees and court costs."

46. The limitations period for a statutory penalty is two years under 735 ILCS 5/13-202, which provides:

> **§ 13-202. Personal injury--Penalty.**
>
> **Actions for damages . . . for a statutory penalty . . . shall be commenced within 2 years next after the cause of action accrued . . . .**

47. Actions under statutes providing for treble or multiple damages are governed by this statute. *Chicago, B. & Q. R. Co. v. Jones,* 149 Ill. 361, 37 N.E. 247 (1894) (action under statute providing for treble damages for overcharge by common carrier governed by two-year limitations period for statutory penalties); *Hoskins Coal & Dock Corp. v. Truax Traer Coal Co.,* 191 F.2d 912 (7th Cir. 1951); *Congress Bldg. Corp. v. Loew's, Inc.,* 246 F.2d 587 (7th Cir. 1957); *Schiffman Bros. v. Texas Co.,* 196 F.2d 695 (7th Cir. 1952) (all involving claims for treble damages under the antitrust laws prior to the enactment of specific provisions governing such claims). This applies to both the multiplied portion and the single damages. *Sun Theatre Corp. v. RKO Radio Pictures*, 213 F.2d 284 (7th Cir. 1954).

48. "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

49. Defendants regularly demand payment of, file suit on, and threaten to file suit:

   a. On checks dishonored more than three years prior to the filing of suit;

   b. On unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit;

      c.      On contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit;

      d.      Seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

50.      It is the policy and practice of defendants to:

      a.      Collect time-barred debts.

      b.      File suit on such debts.

51.      The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)  The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

52.      Courts hold that it is misleading and a violation of the FDCPA to file suit on a time-barred debt. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013).

### COUNT I – FDCPA

53.      Plaintiff incorporates paragraphs 1-55.

54.      This claim is against defendants L&M, Dergo Law, and Dergo.

55.      Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), by dunning and suing consumers on time-barred debts.

56. Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

57. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The classes overlap and may be coterminous.

58. The L&M class consists of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date one year prior to the filing of this action (d) to collect debts (1) on checks dishonored more than three years prior to the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

59. The Dergo class consists of (a) all individuals (b) sued by Dergo or Dergo Law in Illinois (c) on or after a date one year prior to the filing of this action (d) to collect debts (1) on checks dishonored more than three years prior to the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years

prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

60. On information and belief, each class is so numerous that joinder of all members is not practicable.

61. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of suing on time-barred debts and whether such practice violates the FDCPA.

62. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

63. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

64. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Actual damages, including all amounts collected on time-barred debts and all appearance and attorney's fees incurred by persons sued on time-barred debts;

        iii.       Attorney's fees, litigation expenses and costs of suit;

        iv.       Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

65.    Plaintiff incorporates paragraphs 1-55.

66.    This claim is against L&M and HYV.

67.    Defendant L&M is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

68.    Defendant L&M violated the following provisions of 225 ILCS 425/9(a):

. . . **(24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(30) Misrepresenting the amount of the debt alleged to be owed.**

**(31) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**

**(33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

**(35) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .**

69.    A private right of action exists for violation of the ICAA against both L&M and its principal HYV. *Sherman v. Field Clinic,* 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

70.    Plaintiff brings this claim on behalf of the following classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The classes overlap and may be coterminous.

71.    The L&M class consists of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date 5 years prior to the filing of this action (d) to collect debts (1) on checks

dishonored more than three years prior to the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

72. The HYV class consists of (a) all individuals (b) sued on behalf of HYV (including through an assignment for collection purposes) (c) on or after a date 5 years prior to the filing of this action (d) to collect debts (1) on checks dishonored more than three years prior to the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

73. On information and belief, each class is so numerous that joinder of all members is not practicable.

74. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of suing on time-barred debts and whether such practice violates the ICAA.

75. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

76. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

77. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

   i. Compensatory and punitive damages;

   ii. Costs.

   iii. Such other and further relief as is appropriate.

### COUNT III – ILLINOIS CONSUMER FRAUD ACT

78. Plaintiff incorporates paragraphs 1-55.

79. This claim is against L&M and HYV.

80. Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by filing suits on time-barred debts.

81. Defendants engaged in such conduct in the course of trade and commerce.

82. Defendants engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

### CLASS ALLEGATIONS

83. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The classes overlap and may be coterminous.

84. The L&M class consists of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date 3 years prior to the filing of this action (d) to collect debts (1) on checks dishonored more than three years prior to the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the

filing of suit.

85.     The HYV class consists of (a) all individuals (b) sued on behalf of HYV (including through an assignment for collection purposes) (c) on or after a date 3 years prior to the filing of this action (d) to collect debts (1) on checks dishonored more than three years prior to the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

86.     On information and belief, each class is so numerous that joinder of all members is not practicable.

87.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendants engage in a practice of suing on time-barred debts and whether such practice violates the ICFA.

88.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

89.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

90.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Declaring that the purported debts are time-barred;

      ii.      Enjoining defendant from instituting or threatening suit to collect such debts;

      iii.      For actual damages;

      iv.      For punitive damages;

      v.      For attorney's fees, litigation expenses and costs of suit;

      vi.      For such other and further relief as the Court deems proper.

s/ Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Phone No.: (312) 739-4200
Facsimile No.: (312) 419-0379
courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                   s/ Daniel A. Edelman
                                                   Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Phone No.: (312) 739-4200
Facsimile No.: (312) 419-0379
courtecl@edcombs.com