E-FILED
Thursday, 21 December, 2017  03:09:03 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| WENDY HARPER, also known as WENDY SCHUCHHARDT, on behalf of plaintiff and the class members described below, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 4:17-cv-4295 |
| vs. | ) ) | |
| L&M ACCOUNTS, INC.; DERGO LAW, P.L.L.C.; MICHAEL J. DERGO III; and HY-VEE, INC.; | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT</u>

Defendants' L&M Accounts, Inc. ("L&M"), Dergo Law, P.L.L.C. ("Dergo Law"), Michael J. Dergo III ("Dergo"), and Hy-Vee Inc., ("HYV") through their undersigned attorneys, Messer Strickler, Ltd., answers Plaintiff's Class Action Complaint as follows:

## <u>INTRODUCTION</u>

1. Plaintiff Wendy Harper, also known as Wendy Schuchhardt, brings this action to secure redress from unlawful credit and collection practices engaged in by defendants L&M Accounts, Inc. ("L&M"), Dergo Law, P.L.L.C. ("Dergo Law") Michael J. Dergo III ("Dergo"), and Hy-Vee, Inc. ("HYV"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

1

**ANSWER**:        Defendants ADMIT that Plaintiff brings this action pursuant to the FDCPA, ICAA and the ICFA but DENIES any violation of federal or state laws.

2.        The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

**ANSWER**:        Defendants state that the FDCPA speaks for itself and denies any allegations of Paragraph 2 inconsistent therewith.

3.        In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER**:        Defendants state that the FDCPA, and its legislative history, speaks for itself and denies any allegations of Paragraph 3 inconsistent therewith.

4.        Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1-35, 1042 (N.D. Ill. 2008).

**ANSWER**: Defendants state that the FDCPA, its legislative history and the caselaw herein mentioned, speaks for itself and denies any allegations of Paragraph 4 inconsistent therewith.

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER**: Defendants state that the FDCPA, and its legislative history and the caselaw herein mentioned, speaks for itself and denies any allegations of Paragraph 5 inconsistent therewith.

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

**ANSWER**: Defendants ADMIT Plaintiff seeks to enforce policies and civil rights which are expressed through the FDCPA, but DENIES Defendants violated federal or state laws.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out those objects and purposes…. It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

3

**ANSWER**:        Defendants state that the ICAA speaks for itself and denies any allegations of Paragraph 7 inconsistent therewith.

8.      The ICFA prohibits unfair and deceptive acts and practices in connection with any trade or commerce affecting Illinois, including the collection of debts.

**ANSWER**:        Defendants state that the ICFA speaks for itself and denies any allegations of Paragraph 8 inconsistent therewith.

9.      Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

**ANSWER**:        Defendants DENY the allegations in Paragraph 9.

## VENUE AND JURISDICTION

10.     The Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER**:        Defendants ADMIT that this Court has jurisdiction but DENIES any violations of state or federal law.

11.     Venue and personal jurisdiction in this District are proper because defendants' collection activities impacted plaintiff within this District and each defendant does business or is located within this District.

**ANSWER**:        Defendants ADMIT venue is proper, but DENY the acts and transactions occurred as alleged by Plaintiff.

## PARTIES

12.     Plaintiff is an individual who resides in Henry County, Illinois.

**ANSWER**:        After reasonable inquiry, Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendant L&M is an Illinois corporation with offices at 4003 36th Avenue Ct., Moline, IL 61265.

**ANSWER**:     Defendants ADMIT the allegations in Paragraph 13.

14.     Defendant L&M operates a collection agency, using the mails and telephone system to collect debts owned by others.

**ANSWER**:     Defendants ADMIT the allegations in Paragraph 14.

15.     Defendant L&M often takes assignments of debts for collection purposes and files suit on them in its own name. When it takes such an assignment, it is acting as the agent of the beneficial owner of the debt.

**ANSWER**:     Defendants ADMIT the allegations in Paragraph 15.

16.     Defendant L&M has filed more than 100 lawsuits on debts incurred for personal, family and household purposes and assigned to it for collection, in its own name.

**ANSWER**:     After reasonable inquiry, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 16 as they are not generally privy to the purposes for which persons incur their debts.

17.     Defendant L&M is a debt collector as defined in the FDCPA.

**ANSWER**:     After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     Defendant Dergo Law is a law firm organized under Arizona law as a professional limited liability company. It has offices at 2200 52d Avenue, Moline, Illinois 61265.

**ANSWER**:     Defendants ADMIT the allegations in Paragraph 18.

19.     Defendant Dergo Law regularly files collection lawsuits on debts incurred for personal, family or household purposes, on behalf of L&M.

**ANSWER**: After reasonable inquiry, Defendants lack knowledge or information sufficient to from a belief as to the truth of the matter asserted in Paragraph 19.

20.     Defendant Dergo Law uses the mails and telephone systems to collect consumer debts.

**ANSWER**: Defendants ADMIT that Dergo law uses the mails and telephone to collect debts but lack information or belief sufficient to generally determine which of those debts are consumer in nature.

21.     Defendant Dergo Law is a debt collector as defined in the FDCPA.

**ANSWER**:      After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Defendant Dergo is an attorney licensed in Illinois and the principal of Dergo Law. He may be found at 2200 52d Avenue, Moline, Illinois 61265.

**ANSWER**:      Defendants ADMIT the allegations in Paragraph 22.

23.     Defendant Dergo regularly files collection lawsuits on debts incurred for personal, family or household purposes.

**ANSWER**: After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 23.

24.     Defendant Dergo uses the mails and telephone systems to collect debts incurred for personal, family or household purposes.

**ANSWER**:  After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 24.

25.     Defendant Dergo is a debt collector as defined in the FDCPA.

**ANSWER**:         After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Defendant HYV is a corporation chartered under Iowa law with its principal place of business in Iowa. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER**:         Defendants ADMIT the allegations in Paragraph 26.

27.     Defendant HYV operates more than 200 supermarkets and pharmacies, of which more than 15 are located in Illinois.

**ANSWER**:         Defendants ADMIT the allegations in Paragraph 27.

## FACTS

28.     On August 1, 2017, L&M, represented by Dergo Law and Dergo, filed suit against plaintiff Wendy Harper in the Circuit Court of Rock Island County to collect a dishonored check. A copy of the complaint, which was signed by Dergo, is in Appendix A. In filing and prosecuting the case, Dergo Law and Dergo acted as the authorized agents of L&M.

**ANSWER**:         Defendants ADMIT the allegations in Paragraph 28.

29.     The check had been written to HYV and assigned by HYV to L&M for collection purposes on or about November 4, 2016. A copy of the check is in Appendix B. A copy of the assignment is in Appendix C. Under the assignment, L&M acted as the authorized agent of HYV, and Dergo Law and Dergo as the authorized subagent of both L&M and HYV.

**ANSWER**:        Defendants ADMIT the check was written to HYV and assigned by HYV to L&M for collection on or about November 4, 2016. Defendants DENY the remaining allegations in paragraph 29.

30.    The check was written on December 6, 2008, for personal, family or household purposes (groceries) and dishonored on December 11, 2008. It was assigned by HYV to L&M on or about November 4, 2016, nearly eight years after it had been dishonored.

**ANSWER**:        Defendants ADMIT the check was written on December 6, 2008 and dishonored on December 11, 2008. Answering further, Defendants ADMIT that the account was assigned by HYV to L&M on or about November 4, 2016. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the check was written for personal, family or household purposes (groceries).

31.    Ms. Harper was pregnant in late 2008 and did not notice that the check had been dishonored.

**ANSWER**:        After reasonable inquiry, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    As a result of the filing of the lawsuit, Wendy Harper was required to the courthouse, retain counsel, and spend time and money to defend the lawsuit.

**ANSWER**:        After reasonable inquiry, Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.    Ms. Harper filed a motion to dismiss based on the statute of limitations, which motion was never responded to.

8

**ANSWER**:          Defendant ADMITS that Ms. Harper filed a motion to dismiss based on the statute of limitations and that Defendants never filed a written response to the motion. However, answering further, Defendants never filed a written response to the motion because the case was pending in small claims court and any response to a motion is heard at the time of the hearing before the Court.

34.     The collection action was nonsuited in early November 2017, immediately prior to the hearing on the motion to dismiss, without proper notice to Ms. Harper or her counsel, who appeared for the hearing on the motion to dismiss and learned that the case had already been nonsuited.

**ANSWER**:          Defendants DENY the allegations in Paragraph 34.

35.     The collection complaint contained three counts. Count I alleged breach of contract. Count II alleged unjust enrichment. Count III sought statutory penalties under the Illinois bad check statute, 720 ILCS 5/17-1.

**ANSWER**:          Defendants ADMIT the allegations in Paragraph 35.

36.     The entire action was barred by the applicable statute of limitations.

**ANSWER**:          Defendants DENY the allegations in Paragraph 36.

37.     Count I was barred by the three year Uniform Commercial Code statute of limitations, 810 ILCS 5/3-118(c).

**ANSWER**:          Defendants DENY the allegations in Paragraph 37.

38.     Section 3-118(c), part of the negotiable instruments article of the UCC, provides:

**§3-118. Statute of limitations.**

**(a) Blank.**

**(b) Blank.**

**(c) Except as provided in subsection (d), an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within 3 years after dishonor of the draft or 10 years after the date of the draft, whichever period expires first….**

<u>**ANSWER**</u>:        Defendants state that Section 3-118(c) of the UCC speaks for itself and denies any allegations of Paragraph 38 inconsistent therewith.

39.    An ordinary check is an "unaccepted draft," as indicated by Comment 3 of the Official UCC Comment to §3-118.

**3. Subsection (c) applies primarily to personal uncertified checks. Checks are payment instruments rather than credit instruments. The limitations period expires three years after the date of dishonor or 10 years after the date of the check, whichever is earlier. Teller's checks, cashier's checks, certified checks, and traveler's checks are treated differently under subsection (d) because they are commonly treated as cash equivalents. A great delay in presenting a cashier's check for payment in most cases will occur because the check was mislaid during that period. The person to whom traveler's checks are issued may hold them indefinitely as a safe form of cash for use in an emergency. There is no compelling reason for barring the claim of the owner of the cashier's check or traveler's check. Under subsection (d) the claim is never barred because the three-year limitations period does not start to run until demand for payment is made. The limitations period in subsection (d) in effect applies only to cases in which there is a dispute about the legitimacy of the claim of the person demanding payment.**

<u>**ANSWER**</u>:        Defendants state that Section 3-118 and the Official UCC Comment to §3-118 speaks for itself and denies any allegations of Paragraph 39 inconsistent therewith.

40.    The 3-year UCC limitations period takes precedence over any other provision of the Limitations Act because it is more specific. *Continental Casualty Co. v. American National Bank & Trust Co. of Chicago*, 329 Ill.App.3d 686, 700, 768 N.E.2d 352 (1st Dist. 2002); *Newell v. Newell*, 406 Ill. App.3d 1046, 1050, 942 N.E.2d 776 (3rd Dist. 2011) (applying the three-year statute of limitations under

section 4-111 of the UCC instead of the 10-year statute of limitations under section 13-206 of the Code and noting that "[the plaintiff's] allegations of common law breach of contract do not insulate his cause of action from the applicable UCC statute of limitations").

**ANSWER**:        Defendants state that the caselaw cited to herein speaks for itself and denies any allegations of Paragraph 40 inconsistent therewith.

41.    Count II of the state court collection complaint alleged unjust enrichment based on the underlying purchase of goods and services.

**ANSWER**:        Defendants DENIES the allegations in Paragraph 41. Answering further, Count II of the state court collection complaint alleged unjust enrichment based on the underlying benefit of receiving services, goods and materials.

42.    The statute of limitations for unjust enrichment is five years under 735 ILCS 5/13-205. *CitiMortgage, Inc. v. Parille*, 2016 IL App (2d) 150286, 49 N.E.3d 869; *Frederickson v. Blumenthal*, 271 Ill.App.3d 738, 648 N.E.2d 1060 (1st Dist. 1995). Section 13-205 provides that "actions on unwritten contracts, expressed or implied, … and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

**ANSWER**:        Defendants state that the 735 ILCS 5/13-205 and the caselaw cited to herein speaks for itself and denies any allegations of Paragraph 42 inconsistent therewith.

43.    Furthermore, to the extent the purchase was of goods, the statute of limitations is four years under UCC Article 2, 810 ILCS 5/2-725. Section 2-725 of the UCC

provides: "An action for breach of contract for sale must be commended within four years after the cause of action has accrued…."

**ANSWER**:        Defendants state that 810 ILCS 5/2-725 speaks for itself and denies any allegations of Paragraph 43 inconsistent therewith.

44.    Section 2-725 applies to an action to recover the money owed for the sale of goods. *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56, 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co*., 995 F.2d 789 (7th Cir. 1993) (Illinois law).

**ANSWER**:        Defendants state that the caselaw cited to herein speaks for itself and denies any allegations of Paragraph 44 inconsistent therewith.

45.    Count III of the state court collection complaint sought treble damages under the bad check statute, which provides (720 ILCS 5/17-1(E)) for "in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $1,500, plus attorney's fees and court costs."

**ANSWER**:        Defendants DENY that treble damages were specifically sought in Count III of the state court collection complaint. Answering further, in Count III the state court complaint, Defendant L&M alleged it was entitled to damages pursuant to the statute. Defendant L&M sought a judgment in its favor and to be granted restitution in the amount no less than $934.60 plus interest, attorneys' fees and costs, and such other relief as may be just and right in the premises. Defendants state that 720 ILCS

4:17-cv-04295-SLD-JEH  # 18   Page 13 of 26

5/17-1(E)) speaks for itself and denies any allegations of Paragraph 45 inconsistent therewith.

46.    The limitations period for a statutory penalty is two years under 735 ILCS 5/13-202 which provides:

>    **§ 13-202. Personal injury--Penalty.**
>
>    **Actions for damages . . . for a statutory penalty . . . shall be commenced within 2 years next after the cause of action accrued . . . .**

**ANSWER**:          Defendants state that 735 ILCS 5/13-202 speaks for itself and denies any allegations of Paragraph 46 inconsistent therewith.

47.    Actions under statutes providing for treble or multiple damages are governed by this statute. *Chicago, B. & Q. R. Co. v. Jones*, 149 Ill. 361, 37 N.E. 247 (1894) (action under statute providing for treble damages for overcharge by common carrier governed by two-year limitations period for statutory penalties); *Hoskins Coal & Dock Corp. v. Truax Traer Coal Co*., 191 F.2d 912 (7th Cir. 1951); *Congress Bldg. Corp. v. Loew's, Inc*., 246 F.2d 587 (7th Cir. 1957); *Schiffman Bros. v. Texas Co.*, 196 F.2d 695 (7th Cir. 1952) (all involving claims for treble damages under the antitrust laws prior to the enactment of specific provisions governing such claims). This applies to both the multiplied portion and the single damages. *Sun Theatre Corp. v. RKO Radio Pictures*, 213 F.2d 284 (7th Cir. 1954).

**ANSWER**:          Defendants state that the caselaw cited to herein speaks for itself and denies any allegations of Paragraph 47 inconsistent therewith.

48.    "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*,

314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd*., 164 Ill. App. 3d 610, 617, 518 N.E. 2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

**ANSWER**:        Defendants state that the caselaw cited to herein speaks for itself and denies any allegations of Paragraph 48 inconsistent therewith.

49.    Defendants regularly demand payment of, file suit on, and threaten to file suit:

   a.  On checks dishonored more than three years prior to the filing of suit;

   b.  On unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit;

   c.  On contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit;

   d.  Seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

**ANSWER**:        Defendants DENY the allegations in Paragraph 49.

50.    It is the policy and practice of defendants to:

   a.  Collect time-barred debts.

   b.  File suit on such debts.

**ANSWER**:        Defendants DENY the allegations in Paragraph 50.

51.    The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations …. When a collector tells a consumer that she owes money and demands payment,

it may create the misleading impression that the collector can sue the consumer in court to collect that debt." ([http://www.ftc.gov/opa/2012/01/asset.shtm](http://www.ftc.gov/opa/2012/01/asset.shtm)) The FTC entered into a consent decree with Asset Acceptance, one of the larges debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

**ANSWER**:        Defendants state that the FTC website and caselaw cited to herein speaks for itself and denies any allegations of Paragraph 51 inconsistent therewith.

52.        Courts hold that it is misleading and a violation of the FDCPA to file suit on a time-barred debt. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013).

**ANSWER**:        Defendants state that the caselaw cited to herein speaks for itself and denies any allegations of Paragraph 52 inconsistent therewith.

**COUNT I – FDCPA**

53.        Plaintiff incorporates paragraphs 1-55.

**ANSWER**:        Defendants incorporate their answers to Paragraphs 1-52 as though fully stated herein.

54.        This claim is against defendants L&M, Dergo Law, and Dergo.

**ANSWER**:        Defendants ADMIT Count I is against L&M, Dergo Law and Dergo, but DENY any violation of the FDCPA.

55.        Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), by dunning and suing on time-barred debts.

**ANSWER**:        Defendants DENY the allegations in Paragraph 55.

56.    Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
> **A debt collector may not use any false, deceptive, or misleading**
> **representation or means in connection with the collection of any debt.**
> **Without limiting the general application of the foregoing, the following**
> **conduct is a violation of this section: . . .**
> **(2) The false representation of--**
> **(A) the character, amount, or legal status of any debt; . . .**
> **(5) The threat to take any action that cannot legally be taken or that is**
> **not intended to be taken. . . .**
> **(10) The use of any false representation or deceptive means to collect or**
> **attempt to collect any debt or to obtain information concerning a**
> **consumer. . . .**

**ANSWER**:        Defendants state that Section 1692e of the FDCPA speaks for itself

and denies any allegations of Paragraph 56 inconsistent therewith.

## CLASS ALLEGATIONS

57.    Plaintiff brings this claim on behalf of the following classes, pursuant to Fed.R.Civ.

P. 23(a) and 23(b)(3). The classes overlap and may be coterminous.

**ANSWER**:        Defendants state that this paragraph contains legal conclusions to

which no response is required. Defendants further deny that this action can be properly

maintained as a class action.

58.    The L&M class consists of (a) all individuals (b) sued by L&M in Illinois (c) on or

after a date one year prior to the filing of the action (d) to collect debts (1) on checks

dishonored more than three years prior the filing of suit, (2) on unwritten contracts

breached or last paid (whichever is later) more than five years prior to the filing of

suit; (3) on contracts for the sale of goods breached or last paid (whichever is later)

more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

**ANSWER**:        Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action. Defendants further deny the factual allegations in Paragraph 58 and deny that it is in any way liable to Plaintiff or any putative class member.

59.    The Dergo class consists of (a) all individuals (b) sued by Dergo or Dergo Law in Illinois (c) on or after a date one year prior to the filing of this action (d) to collect debts (1) on checks dishonored more than three years prior to the filing of suit; (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties dishonored more than two years prior to the filing of suit.

**ANSWER**:        Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action. Defendants further deny the factual allegations in Paragraph 59 and deny that it is in any way liable to Plaintiff or any putative class member.

60.    On information and belief, each class is so numerous that joinder of all members is not practicable.

**ANSWER**:        Defendants DENY the allegations in Paragraph 60.

61.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of suing on time-barred debts and whether such practice violates the FDCPA.

**ANSWER**:        Defendants DENY the allegations in Paragraph 61.

62.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER**:        Defendants DENY the allegations in Paragraph 62.

63.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER**:        Defendants DENY the allegations in Paragraph 63.

64.     A class action is superior for the fair and efficient adjudication of this matter, in that:

   a.   Individual actions are not economically feasible.

   b.   Members of the class are likely to be unaware of their rights;

   c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER**:     Defendants DENY the allegations in Paragraph 64.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

65.     Plaintiff incorporates paragraphs 1-55.

**ANSWER**:        Defendants incorporate their answers to Paragraphs 1-55 as though fully stated herein.

66.     This claim is against L&M an HYV.

**ANSWER**:        Defendants ADMIT Count II is against L&M and HYV but DENY any violation of the ICAA.

67.    Defendant L&M is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER**:        After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68.    Defendant L&M violated the following provisions of 225 ILCS 425/9(a):

> . . . **(24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
> **(30) Misrepresenting the amount of the debt alleged to be owed.**
> **(31) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**
> **(33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**
> **(35) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .**

**ANSWER**:        Defendants DENY the allegations in Paragraph 68.

69.    A private right of action exists for violation of the ICAA against both L&M and its principal HYV. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER**:        Defendants DENY the allegations in Paragraph 69.

### CLASS ALLEGATIONS

70.    Plaintiff brings this claim on behalf of the following, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The classes overlap and may be coterminous.

**ANSWER**:        Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action.

71.    The L&M class consist of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date 5 years prior to the filing of the action (d) to collect debts (1) on checks dishonored more than three years prior the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

**ANSWER**:        Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action. Defendants further deny the factual allegations in Paragraph 71 and deny that it is in any way liable to Plaintiff or any putative class member.

72.    The HYV class consist of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date 5 years prior to the filing of the action (d) to collect debts (1) on checks dishonored more than three years prior the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

**ANSWER**:        Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action. Defendants further deny the factual allegations in Paragraph 72 and deny that it is in any way liable to Plaintiff or any putative class member.

73.    On information and belief, each class is so numerous that joinder of all members is not practicable.

**ANSWER**:        Defendants DENY the allegations in Paragraph 73.

74.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of suing on time-barred debts and whether such practice violates the ICAA.

**ANSWER**:        Defendants DENY the allegations in Paragraph 74.

75.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER**:        Defendants DENY the allegations in Paragraph 75.

76.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER**:        Defendants DENY the allegations in Paragraph 76.

77.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible.

b.    Members of the class are likely to be unaware of their rights.

4:17-cv-04295-SLD-JEH   # 18   Page 22 of 26

**ANSWER**:     Defendants DENY the allegations in Paragraph 77.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

78.     Plaintiff incorporates paragraphs 1-55.

   **ANSWER**:          Defendants incorporate their answers to Paragraphs 1-55 as though fully stated herein.

79.     This claim is against L&M and HYV.

   **ANSWER**:          Defendants ADMIT that Count III is against L&M and HYV but DENY any violation of the ICFA.

80.     Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by filing suit son time-barred debts.

   **ANSWER**:          Defendants DENY the allegations in Paragraph 80.

81.     Defendants engage in such conduct in the course of trade and commerce.

   **ANSWER**:          Defendants DENY the allegations in Paragraph 81.

82.     Defendants engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

   **ANSWER**:          Defendants DENY the allegations in Paragraph 82.

## CLASS ALLEGATIONS

83.     Plaintiff brings this claim on behalf of the following, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The classes overlap and may be coterminous.

   **ANSWER**:          Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action.

84.    The L&M class consist of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date 3 years prior to the filing of the action (d) to collect debts (1) on checks dishonored more than three years prior the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

**ANSWER**:       Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action. Defendants further deny the factual allegations in Paragraph 84 and deny that it is in any way liable to Plaintiff or any putative class member.

85.    The HYV class consist of (a) all individuals (b) sued by L&M in Illinois (c) on or after a date 3 years prior to the filing of the action (d) to collect debts (1) on checks dishonored more than three years prior the filing of suit, (2) on unwritten contracts breached or last paid (whichever is later) more than five years prior to the filing of suit; (3) on contracts for the sale of goods breached or last paid (whichever is later) more than four years prior to the filing of suit; or (4) seeking civil penalties on checks dishonored more than two years prior to the filing of suit.

**ANSWER**:       Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants further deny that this action can be properly maintained as a class action. Defendants further deny the factual allegations in

Paragraph 85 and deny that it is in any way liable to Plaintiff or any putative class member.

86.     On information and belief, each class is so numerous that joinder of all members is not practicable.

**ANSWER**:        Defendants DENY the allegations in Paragraph 86.

87.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of suing on time-barred debts and whether such practice violates the ICFA.

**ANSWER**:        Defendants DENY the allegations in paragraph 87.

88.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER**:        Defendants DENY the allegations in Paragraph 88.

89.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER**:        Defendants DENY the allegations in Paragraph 89.

90.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.   Individual actions are not economically feasible.

b.   Members of the class are likely to be unaware of their rights.

**ANSWER**:     Defendants DENY the allegations in Paragraph 90.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

2.      Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2.      Plaintiff failed to mitigate her damages.

Respectfully submitted,

**L&M ACCOUNTS, INC.**
**DERGO LAW, P.L.L.C.**
**MICHAEL J. DERGO III**
**HY-VEE, INC.**

s/ Nicole M. Strickler
Nicole M. Strickler
IL Bar #6298459
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60602
(312) 334-3442
(312) 334-3473 (FAX)
nstrickler@messerstrickler.com
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of December 2017, a true and accurate copy

of the foregoing was filed with the Clerk of Court using the ECF system which will send

notification of such filing to the attorneys of record.

<u>s/ Nicole M. Strickler</u>
Nicole M. Strickler
IL Bar #6298459
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60602
(312) 334-3442
(312) 334-3473 (FAX)
nstrickler@messerstrickler.com
*Attorney for Defendants*
